UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

NUCLEAR WATCH NEW MEXICO,

    Plaintiff,

v.  No. 1:16-cv-00433-JCH-SCY

UNITED STATES DEPARTMENT
OF ENERGY and LOS ALAMOS
NATIONAL SECURITY, LLC.,

    Defendants,

and

NEW MEXICO ENVIRONMENTAL
DEPARTMENT,

    Intervenor.

## MEMORANDUM OPINION AND ORDER

Defendant Los Alamos National Security, LLC (LANS) moves for entry of partial final judgment under Federal Rule of Civil Procedure Rule 54(b). *See* ECF Nos. 151, 152. The motion is unopposed.

**I.**    **BACKGROUND**

Plaintiff brought this action against LANS, the United States Department of Energy (DOE), and Intervenor New Mexico Environmental Department (NMED), for alleged violations of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901, *et seq.* and corresponding laws of the New Mexico Hazardous Waste Act, N.M. Stat. Ann. §§ 74-4-1 – 74-4-14 (NMHWA) relating to hazardous waste management at Los Alamos National Laboratory. On November 13, 2019, the Court disposed of cross-

motions for summary judgment by denying all parties' motions, except for LANS' summary judgment motion. *See* Memorandum Opinion and Order, ECF No. 145 (2019 Order). In its 2019 Order, the Court held that no reasonable trier of fact could find that Plaintiff's claims against LANS were justiciable because LANS' evidence showed that LANS no longer had an operational or cleanup role at the Laboratory, no longer held a RCRA-permit, had no obligations for future remediation tasks at the Laboratory, and that it was winding down its business. Under the standards governing mootness, the Court held that LANS had carried its summary judgment burden to moot Plaintiff's claims for RCRA civil penalties and attorneys' fees, and accordingly dismissed Plaintiff's claims against LANS in their entirety.

On December 13, 2019, LANS moved the Court to exercise its discretion to certify the dismissal of Plaintiff's claims against it as final pursuant to Rule 54(b). In its motion, LANS tells the Court that Plaintiff, DOE, and NMED stipulate to the motion being granted.[1]

## II. LEGAL STANDARD

Rule 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "This determination must appear in the district court's order certifying the matter for appeal." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016) (citation omitted)). The "expressly determines"

---

[1] The parties recently stayed this case pursuant to a stipulation. However, the scope of the Court's stay-order specifically excludes LANS' Rule 54(b) motion.

language of the rule requires the district court to make two explicit determinations in the certification order. *See id*. "First, the district court must determine the judgment is final. Second, it must determine there is no just reason for delay of entry of its judgment." *Id*. "In doing so, district courts should clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay' so that [the Court of Appeals] can review a 54(b) order more intelligently and thus avoid jurisdictional remands." *Id.*

In determining whether to enter judgment pursuant to Rule 54(b), the district court must "weigh[ ] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). Ultimately, granting a Rule 54(b) motion is left to the sound discretion of the district court, which "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980).

## III.   DISCUSSION

Turning to the first factor – finality – a "final" order is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (citations and internal quotation marks omitted). "[A] 'claim' is generally understood to include all factually or legally connected elements of a case." *Id*. (citations omitted). "[A] judgment is not final unless the claims disposed of are separable from the remaining claims against the same parties." *Id.* (citation omitted). In determining finality, the district court should consider "the

factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and [] whether the claims disposed of and the remaining claims seek separate relief." *Id*.

Here, there is significant overlap between "the claims disposed of and the remaining claims." *Id*. The remaining claims – which are asserted in Counts I and II of Plaintiff's Second Amended Complaint – were based on alleged violations of corrective tasks under the 2005 compliance on consent order (2005 Order) governing clean-up at the Laboratory that DOE and LANS allegedly failed to complete. *See* Pl.'s Second Amended Complaint (Compl.), ECF No. 42, ¶¶ 53-98. Moreover, "the claims disposed of and the remaining claims," *Oklahoma Tpk. Auth.*, 259 F.3d at 1242, seek identical relief: Plaintiff contended that LANS and DOE were jointly liable for payment of $37,500 in civil penalties for each day they had not complied with clean-up deadlines. *See* Compl. ¶¶ 53-98.

Nonetheless, the claims against LANS are separable. First, the Court entered summary judgment in favor of LANS on Plaintiff's claims and dismissed those claims in their entirety. Thus the 2019 Order fully decided the liabilities between Plaintiff and LANS, making the 2019 Order final in that regard. *See In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1107–08 (10th Cir. 2001) ("An essential prerequisite for invoking Rule 54(b) is that at least one claim or the rights and liabilities of at least one party must be finally decided.") (citations omitted); *X. v. Fremont Cty. Sch. Dist. No. 25*, 162 F.3d 1175 (10th Cir. 1998) ("The entry of summary judgment disposes of X's Title IX claims against the school district in their entirety" for purposes of Rule 54(b)).

Second, the Court dismissed as moot the claims against LANS, which is a purely legal determination that "'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Wyoming v. U.S. Dep't of Agr.*, 414 F.3d 1207, 1211–12 (10th Cir. 2005) (quoting *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000)). Given the unique basis for dismissal on mootness grounds, Plaintiff's claims against LANS are separable and final within the meaning of Rule 54(b). *See Anderson Living Tr. v. Energen Res. Corp.*, No. 13-CV-00909 WJ/CG, 2016 WL 3567045, at *3 (D.N.M. May 4, 2016) (certifying claims for appeal where the "Court's rulings [were] based on either purely legal applications or undisputed facts which will not change or be challenged.")

Turning to the second factor – no just reason for delay – LANS tells the Court that it is in the process of dissolution and that delaying entry of final judgment "would impose a … hardship by hampering LANS from completing the dissolution process." ECF No. 142 at 16. Although LANS failed to describe where it is in the dissolution process or its current financial status, it suggests that it is resolving outstanding claims and that delay in collecting its judgment would "creat[e] a financial injustice." ECF No. 152 at 13 (quoting *United Bank of Pueblo v. Hartford Acc. & Indem. Co.*, 529 F.2d 490, 493 (10th Cir. 1976)). The Court agrees. Given that LANS previously submitted summary judgment evidence that its waste remediation, management roles, and RCRA-permits have concluded, making LANS await the outcome of what still could be many months of litigation to obtain a final ruling would create hardship for LANS at a time when it is

trying to complete the dissolution process. Accordingly, there is no just reason to delay entry of partial final judgment.

## IV. CONCLUSION

In summary, the Court finds that its 2019 Order granting summary judgment to LANS is final. Moreover, there is no just reason for delay of entry of a partial final judgment as to LANS because the hardship to LANS of awaiting a final judgment outweighs the risk of piecemeal appeals.

**IT IS THEREFORE ORDERED that** Defendant "Los Alamos National Security, LLC's Unopposed Motion for Entry of a Partial Final Judgment," (**ECF No. 151**) is **GRANTED**. A separate final partial judgment will be entered dismissing this case as to LANS.

**IT IS SO ORDERED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE